UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CANOPIUS US INSURANCE, INC., | ) | |
| 1450 American Lane | ) | |
| Suite 1775 | ) | |
| Schaumburg, Illinois  60173 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 1:14-cv-105 |
| | ) | |
| SPECTRUM MANAGEMENT, LLC, | ) | |
| Serve: Registered Agent, George Simpson | ) | |
| 31 Bryant Street, NW | ) | |
| Suite B | ) | |
| Washington, DC 20001 | ) | |
| | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | |
| BRIDGETTE CARMICHAEL JOHNSON | ) | |
| 2407 17th Place, S.E. | ) | |
| Washington, DC 20020 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| | ) | |
| MURRY'S INC. | ) | |
| Serve:  Registered Agent | ) | |
| Corporation Service Company | ) | |
| 1090 Vermont Avenue, N.W. | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MURRY'S OF MARYLAND, INC. | ) | |
| Serve:  Registered Agent | ) | |
| Corporation Service Company | ) | |
| 1090 Vermont Avenue, N.W. | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| GOVERNMENT | ) | |

1

```
Serve:  Registered Agent                        )
Corporation Counsel                             )
Office of Attorney General                      )
441 4th Street, N.W.                            )
Washington, D.C. 20001                          )
                                                )
                                                )
            Nominal Defendants.                 )
_____)
```

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND FOR RESCISSION OF THE POLICY OF INSURANCE AND OTHER RELIEF

Plaintiff, CANOPIUS US INSURANCE, INC. ("Canopius US") by and through counsel,

Mirsky Policastri LLC and Eugene W. Policastri, by way of a Complaint for Declaratory Judgment

and for Rescission of the Policy of Insurance, and other relief states as follows:

1.      Canopius US brings this action seeking a declaratory judgment that it has no further

obligation to provide defense or indemnity coverage to the Insured Spectrum for the Underlying

Johnson Lawsuit because Policy No. 1913X/ARL001 issued to SPECTRUM MANAGEMENT,

LLC ("Spectrum") for the policy period of May 1, 2009 through May 1, 2010 is (1) void *ab initio*

due to material misrepresentations made by Spectrum in its application for insurance and/or (2)

the Underlying Johnson Lawsuit concerns operations that are not within the Classification to which

the coverage is limited  and (3) Spectrum breached the Policy's Notice Conditions.  Canopius US

also seeks (4) a declaration that it has no obligations to provide coverage for any other claim or

suit under Policy No. 1913X/ARL001 and under Policy No. 4747X/ARL001 due to both policies

being void *ab initio* due to Spectrum's material misrepresentations in its applications for insurance

and (5) restitution of the amount spent defending Spectrum against the Underlying Johnson

Lawsuit.

## THE PARTIES

2.      Plaintiff, Canopius US, is a Delaware Corporation and a wholly owned subsidiary of Canopius Group Limited, which is a privately-owned insurance and reinsurance group.  Canopius Group Limited is incorporated in Guernsey. Canopius US' principal place of business is located at 1450 American Lane, Suite 1775, Schaumburg, Illinois.

3.      Upon information and belief, defendant Spectrum Management, LLC is a District of Columbia Limited Liability Company with its principal place of business located at 1225 Pennsylvania Avenue, S.E., Washington, D.C. and its address for service of process is Registered Agent: George Simpson, 31 Bryant Street, N.W., Suite B, Washington, D.C.

4.      Upon information and belief, nominal defendant Bridgette Carmichael Johnson is an individual who resides at 2407 17th Place, S.E., Washington, D.C.  She is a nominal party as no cause of action is asserted against her but she is named in order for the court to fashion complete relief.  She is named as a party plaintiff in the underlying litigation against Spectrum.

5.      Upon information and belief, nominal defendant Murry's Inc. is a Maryland corporation with its address for service of process at Corporation Service Company, 1090 Vermont Avenue, N.W., Washington, D.C.  Murry's is a nominal party as no cause of action is asserted against it but it is named in order for the court to fashion complete relief.  Murry's is named as a party defendant in the underlying litigation against Spectrum.

6.      Upon information and belief, nominal defendant Murry's of Maryland, Inc. is a Maryland corporation with its address for service of process at Corporation Service Company, 1090 Vermont Avenue, N.W., Washington, D.C.  Murry's is a nominal party as no cause of action is asserted against it but it is named in order for the court to fashion complete relief.  Murry's is named as a party defendant in the underlying litigation against Spectrum.

3

7.     Upon information and belief, nominal defendant The District of Columbia Government is a government entity located at Pennsylvania Avenue, N.W., Suite 307, Washington, D.C., with its address for service of process at Corporation Counsel (Office of Attorney General), 441 4th Street, N.W., Washington, D.C.  The D.C. Government is a nominal party as no cause of action is asserted against it but it is named in order for the court to fashion complete relief.  The D.C. Government is named as a party defendant in the underlying litigation against Spectrum.

## VENUE AND JURISDICTION

8.     The amount in controversy exceeds the sum or value of Seventy Five Thousand ($75,000) Dollars exclusive of interest and costs and this is an action between citizens of different states.  Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

9.     Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

10.    This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

## THE UNDERLYING LITIGATION

11.    On or about February 6, 2013, Carmichael Johnson commenced an action in the Superior Court of the District of Columbia, Civil Division against Spectrum Management, LLC., Murry's Inc., Murry's of Maryland, Inc. and District of Columbia Government seeking to recover for personal injuries allegedly sustained on February 11, 2010, when she fell on ice in the Murry's Steaks parking lot located at 2800 Alabama Avenue SE, Washington D.C.  The Complaint in the Underlying Johnson Lawsuit is attached as **Exhibit A.**

4

## POLICIES

12.     At all times hereinafter mentioned, the plaintiff Canopius US issued Commercial General Liability Policy No. 1913X/ARL001 to Spectrum effective from May 1, 2009 through May 1, 2010 with a $1,000,000 limit per occurrence and $2,000,000 limit in the aggregate (the "2009-2010 Policy").  A certified copy of the Policy with premium and other financial information redacted is annexed hereto as **Exhibit B**.

13.     Canopius US also issued Policy No. 4747X/ARL001 to Spectrum effective from May 1, 2010 through May 1, 2011 with a $1,000,000 limit per occurrence and $2,000,000 limit in the aggregate (the "2010-2011 Policy").  A certified copy of the Policy with premium and other financial information redacted is annexed hereto as **Exhibit C**.

14.      The "2009-2010 Policy" and the "2010-2011 Policy"  have on the Declarations the following Business Description and Classification:

> *BUSINESS DESCRIPTION: CONTRACTORS, ARTISAN*
>
> *\*\*\**
>
> | *Class Code* | *Classification* |
> |---|---|
> | *95625* | *HANDY PERSON* |

15.     Both the 2009-2010 Policy and the 2010-2011 Policy contain the following Representations Section:

> ***COMMERCIAL GENERAL LIABILITY COVERAGE FORM***
>
> *\*\*\**
>
> *SECTION IV COMMERCIAL GENERAL LIABILITY CONDITIONS*
>
> *\*\*\**
>
> *6.     Representations*
>
> *By accepting this policy, you agree:*
>
> *a.        The statements in the Declarations are accurate and complete;*

    b.     *Those statements are based upon representations you made to us; and*

    c.     *We have issued this policy in reliance upon your representations.*

16.    Both the 2009-2010 Policy and 2010-2011 Policy contain the following Classification Limitation:

\*\*\*

### **COMBINATION ENDORSEMENT FOR CGL 98 FORM – LIABILITY INSURANCE (LIMITED FORM)**

**THE FOLLOWING ENDORSEMENT, EXCLUSIONS AND CONDITIONS MODIFY INSURANCE PROVIDED UNDER THE FOLLOWING COVERAGE PARTS. THEY CHANGE THE POLICY. PLEASE READ THEM CAREFULLY.**

### **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

\*\*\*

### **EXCLUSION – CLASSIFICATION LIMITATION**

*The following exclusion is added to SECTION 1 – COVERAGES A, B AND C*

*This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or "medical payments" for operations that are not classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements.*

17.    Both the 2009-2010 Policy and the 2010-2011 Policy also contain the following Notice Conditions:

### **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\*\*\*

*SECTION IV COMMERCIAL GENERAL LIABILITY CONDITIONS*

\*\*\*

**2.**    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**     *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:*

        *(1)*    *How, when and where the "occurrence" or offense took place;*

        *(2)*    *The names and addresses of any injured persons and witnesses; and*

        *(3)*    *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

    **b.**    *If a claim is made or "suit" is brought against any insured, you must:*

        *(1)*    *Immediately record the specifics of the claim or "suit" and the date received; and*

        *(2)*    *Notify us as soon as practicable.*

    *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

## POLICY APPLICATIONS

18.    On May 6, 2008, Brent Simpson, on behalf of Spectrum, signed the application for the Canopius US Policy in effect from May 1, 2008 through May 1, 2009.

19.    The Application contained the following questions and Spectrum's answers:

***

*3. Description of your operations: Handyman and Landscaping Services*

    ***

*8. Percent of your work performed by or on behalf of the named insured:*

    ***
    *c. Residential  <u>80%</u>  +  Commercial <u>20%</u>  + Industrial ___ = 100%*

    ***

*Each location must have a classification with a premium basis listed below.*

| Loc # | Classification | Class Code | Premium Basis |
|-------|---------------|-----------|---------------|
| 1 | Handyman | | (b) Payroll |

20.    On May 12, 2009, Brent Simpson and/or George Simpson signed a Renewal Application for the 2009-2010 Policy (the "2009-2010 Application"), which contains the following questions and Spectrum's Answers:

*1. Have there been any changes in exposure or operations?*
*( X ) No  (   ) Yes*
*Please explain any changes if yes!*
*_____*

*2. Have there been any changes in the premium basis? (   ) No  (   ) Yes*
*If yes please indicate changes below as applicable*

*Payroll: <u>$450,000</u>*          *Gross sales: <u>1,000,000</u>*
*Subcontracted costs: <u>150,000</u>*      *Other: _____*

21.     In addition, on April 9, 2010, Brent Simpson signed another Renewal Application for the 2010-2011 Policy (the "2010-2011 Application"), which contains the following questions and Spectrum's Answers:

> 1.   *Have there been any changes in exposure or operations?*
> *( X ) No   (   ) Yes*
> *Please explain any changes if yes!*
> _____
>
> 2.   *Have there been any changes in the premium basis? ( X ) No   (   ) Yes*
> *If yes please indicate changes below as applicable*
>
> *Payroll: _____      Gross sales: _____*
> *Subcontracted costs: _____      Other: _____*

22.     At no time did Spectrum disclose that it was providing snow and ice removal services.

## COUNT I
### (Declaratory Relief – Rescission – 2009-2010 Policy)

23.     The plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "22" inclusive, with the same force and effect as if fully set forth herein.

24.     Spectrum has repeatedly represented in its Policy Applications that its operations are Handyman and/or Landscaping Services, as originally specified in the application for the 2008-2009 Policy.

25.     In the 2009-2010 Application, Spectrum represented that there had been no changes in its exposure or operations since it applied for its prior policy, i.e., that its operations were still that of a handyperson and/or landscaping services.

26.     In 2009 or prior through to at least 2011 and further, Spectrum engaged in snow and ice removal operations.

8

27.     Snow and Ice Removal operations are not Handyman and/or Landscaping Services and are not within Handyman Classification.

28.     In 2009 or prior through to at least 2011 or later, Spectrum was performing operations that were not within the Business Description on the Policies.

29.     In 2009 or prior through to at least 2011 or later, Spectrum was performing services that were not within the Policy Classification.

30.     Spectrum's representation in the 2009-2010 Application that its operations were that of a handyperson and/or landscape services was a misrepresentation and false when made, in that, at the time of the 2009-2010 Application, Spectrum was already performing snow and ice removal services and other operations beyond the scope of these operations and classification.

31.     Spectrum's misrepresentations that its operations were that of a handyperson and/or landscaping services were material to the underwriting of the 2009-2010 Policy.

32.     Canopius US relied upon Spectrum's misrepresentations in its application for insurance when Canopius US evaluated the proposed risk presented by Spectrum and in having made its decision to issue the 2009-2010 Policy.

33.     Canopius US relied upon Spectrum's misrepresentations in its application for insurance when Canopius US evaluated the proposed risk presented by Spectrum and deciding the premium to be charged for the 2009-2010 Policy.

34.     Pursuant to D.C. Code Ann. § 31-4314, proof that an application for insurance contains a false statement which materially affects the acceptance of the risk or hazard assumed by the insurer is sufficient to defeat a claim under the policy.  D.C. Code Ann. § 31-4314; Burlington Ins. Co. v. Okie Dokie, Inc., 398 F. Supp. 2d 147 (2005).

35.     Based upon these material misrepresentations, Canopius US is entitled to rescind the 2009-2010 Policy, and is entitled to a declaration that the policy is void *ab initio.*

36.     Based upon the material misrepresentations, Canopius US has no obligations to provide coverage to Spectrum, to defend Spectrum or to pay any judgment entered against Spectrum in the Underlying Johnson Lawsuit or any other claim.

37.     The statements that Spectrum was engaged in handy person services and the omission of its snow removal operations were material to the risk that Canopius US assumed in issuing the policy.

38.     Canopius US would not have issued the policy had it known the statements were false or would have issued it with a much larger premium.

39.     Because the 2009-2010 Application contained one or more instances of false statements that materially affected the risk or hazard assumed by Canopius US, no coverage exists for the Underlying Johnson Lawsuit under the 2009-2010 Policy.

40.     An actual and justiciable controversy exists between Canopius US and Spectrum as to whether coverage existed under the policy for the Underlying Johnson Lawsuit and whether or not the 2009-2010 Policy should be rescinded and declared *void ab initio*.

WHEREFORE, Plaintiff Canopius US Insurance, Inc. respectfully seeks a declaration that Policy No. 1913X/ARL001 issued to Defendant Spectrum Management, LLC, effective from May 1, 2009 through May 1, 2010, be rescinded and declared *void ab initio,* and such other and further relief as justice may require.

## COUNT II
### (Declaratory Relief – Rescission – 2010-2011 Policy)

41.     The plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "40" inclusive, with the same force and effect as if fully set forth herein.

42.     Spectrum has repeatedly represented in its Policy Applications that its operations are Handyman and/or Landscaping Services, as originally specified in the application for the 2008-2009 Policy.

43.     In the 2010-2011 Application, Spectrum represented that there had been no changes in its exposure or operations since it applied for its prior policy, i.e., that its operations were still that of a handyperson and/or landscaping services.

44.     In 2009 or prior through to at least 2011 and further, Spectrum engaged in snow and ice removal operations.

45.     Snow and Ice Removal operations are not Handyman and/or Landscaping Services and are not within Handyman Classification.

46.     In 2009 or prior through to at least 2011 or later, Spectrum was performing operations that were not within the Business Description on the Policies.

47.     In 2009 or prior through to at least 2011 or later, Spectrum was performing services that were not within the Policy Classification and as disclosed by it to Canopius US.

48.     Spectrum's representation that its operations were that of a handyperson and/or landscaping services is a misrepresentation and false when made, in that, at the time of the 2010-2011 Application, Spectrum was already performing snow and ice removal services and other operations beyond the scope of a handyperson.

49.     Spectrum's misrepresentations that its operations were that of a handyperson and/or landscaping services and its omissions of its snow and ice removal services and other operations beyond the scope of a handyperson were material to the underwriting of the 2010-2011 Policy.

50.     Canopius US relied upon Spectrum's misrepresentations in evaluating the proposed risk presented by Spectrum and in making its decision to issue the 2010-2011 Policy.

51.     Canopius US relied upon Spectrum's misrepresentations in evaluating the proposed risk presented by Spectrum and deciding the premium to be charged for the 2010-2011 Policy.

52.     Pursuant to D.C. Code Ann. § 31-4314, proof that an application for insurance contains a false statement which materially affects the acceptance of the risk or hazard assumed by the insurer is sufficient to defeat a claim under the policy.  D.C. Code Ann. § 31-4314; Burlington Ins. Co. v. Okie Dokie, Inc., 398 F. Supp. 2d 147 (2005).

53.     Based upon these material misrepresentations and omissions, Canopius US is entitled to rescind the 2010-2011 Policy, and is entitled to a declaration that the policy is *void ab initio*.

54.     Based upon the material misrepresentations and omissions, Canopius US has no obligations to provide coverage to Spectrum, to defend Spectrum in any claim or to pay any judgment entered against Spectrum in the Underlying Johnson Lawsuit or any other claim.

55.     The statements that Spectrum was engaged in handy person services and the omission of its snow removal operations were material to the risk that Canopius US assumed in issuing the policy.

56.     Canopius US would not have issued the policy had it known the statements were false or would have issued it with a much larger premium.

57.     An actual and justiciable controversy exists between Canopius US and Spectrum as to whether the 2010-2011 Policy should be rescinded and declared *void ab initio*.

WHEREFORE, Plaintiff Canopius US Insurance, Inc. respectfully seeks a declaration that Policy No. 4747X/ARL001 issued to Defendant Spectrum Management, LLC, effective from May 1, 2010 through May 1, 2011, be rescinded and declared *void ab initio,* and such other and further relief as justice may require.

## COUNT III
### (Declaratory Relief –Classification Limitation)

58.     The plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "57" inclusive, with the same force and effect as if fully set forth herein.

59.     The 2009-2010 Policy contains Class Code 95625 for Handyperson.

60.     The 2009-2010 Policy also contains a Classification Limitation as set forth in paragraph 16 above which limits coverage to the classified operations.

61.     The allegations in the Underlying Johnson Lawsuit are that Spectrum was responsible for snow and ice removal for properties owned by the District of Columbia Government.

62.     Such snow and ice removal operations are not within the Policy's Classification.

63.     Accordingly, there is no coverage for the Underlying Johnson Lawsuit because Spectrum's operations complained of therein are outside of the coverage to which the Policy is limited by the Classification Limitation.

64.     Therefore, Plaintiff Canopius US is entitled to a declaration under 28 U.S.C. §2201 that it does not have any further obligation to defend Spectrum against the Underlying Johnson Lawsuit and has no obligation to provide indemnity coverage to Spectrum pursuant to the Classification Limitation.

13

65.     An actual and justiciable controversy exists between Canopius US and Spectrum as to whether coverage existed under the 2009-2010 Policy for the Underlying Johnson Lawsuit due to the application of the Classification Limitation.

WHEREFORE, Plaintiff Canopius US Insurance, Inc. respectfully seeks a declaration that Policy No. 1913X/ARL001 issued to Defendant Spectrum Management, LLC does not provide coverage for any and all claims arising from or related to snow and ice removal in general and for the Underlying  Johnson Lawsuit in particular, and such other and further relief as justice may require.

## COUNT IV
### (Declaratory Relief - Late Notice)

66.     The plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "65" inclusive, with the same force and effect as if fully set forth herein.

67.     The Underlying Plaintiff's alleged accident occurred on February 11, 2010.

68.     Discovery in the Underlying Johnson Lawsuit recently revealed that the Underlying Plaintiff first provided notice of the alleged accident to Spectrum on or about November 9, 2010.

69.     The Underlying Plaintiff provided notice of the alleged accident to Spectrum again on January 7, 2011.

70.     The Underlying Johnson Lawsuit was commenced on February 6, 2013, and the Summons and Complaint were served on Spectrum on April 1, 2013.

71.     Spectrum did not provide notice of the occurrence, claim or the Underlying Johnson Lawsuit to Canopius US until May 16, 2013.

72.     Pursuant to the Policy's Notice Conditions cited in paragraph # 17, *supra*, Spectrum was obligated to provide notice of the occurrence, claim and Lawsuit to Canopius US as soon as practicable.

73.     Spectrum failed to provide notice to Canopius US until almost two and a half years after it first learned of the alleged incident.

74.     This delay is a clear breach of the Policy's Notice Conditions.

75.     Due to Spectrum's breach of the Policy's Notice Conditions, Canopius US has no obligation to provide coverage to Spectrum for the Underlying Johnson Lawsuit.

76.     Therefore, Plaintiff Canopius US is entitled to a declaration under 28 U.S.C. §2201 that it does not have any further obligation to defend Spectrum against the Underlying Johnson Lawsuit and has no obligation to provide indemnity coverage to Spectrum due to its breach of the Policy's Notice Conditions.

77.     An actual and justiciable controversy exists between Canopius US and Spectrum as to whether coverage existed under the 2009-2010 Policy for the Underlying Johnson Lawsuit due to Spectrum's breach of the Policy's Notice Conditions.

WHEREFORE, Plaintiff Canopius US Insurance, Inc. respectfully seeks a declaration that the is no coverage under Policy No. 1913X/ARL001 issued to Defendant Spectrum Management, LLC for claims by Spectrum or others claiming through Spectrum relating to the Underlying Johnson Lawsuit due to Spectrum's violation of the timely notice requirements of the insurance policy in that Spectrum failed to provide timely notice, and such other and further relief as justice may require.

## COUNT V
### (Unjust Enrichment)

78.     The plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "77" inclusive, with the same force and effect as if fully set forth herein.

79.     In providing Spectrum a defense with respect to the Underlying Johnson Lawsuit, Canopius US has, at its own expense, conferred a benefit upon Spectrum.

80.     By permitting Canopius US to pay for the costs associated with its defense on its behalf, Spectrum has received and retained and this benefit for which it did not pay.

81.     For the reasons set forth in the above Counts of this Complaint, Spectrum was not entitled to this benefit.

82.     Under the circumstances, good conscience requires that Spectrum make restitution to Canopius US in an amount equivalent to the costs that Canopius US has paid with respect to Spectrum's defense for the Underlying Johnson Lawsuit.

WHEREFORE, Plaintiff Canopius US Insurance, Inc. respectfully requests judgment against Defendant Spectrum Management, LLC, in the amount to be determined at trial, plus all costs that Canopius US has paid with respect to Spectrum's defense with respect to the Underling Johnson Lawsuit, prejudgment and post-judgment interest, and such other and further relief as justice may require.

## RELIEF REQUESTED IN THE COMPLAINT

WHEREFORE, Plaintiff CANOPIUS US INSURANCE, INC. requests a Declaratory Judgment that:

(1)     The 2009-2010 Policy (policy # 1913X/ARL001) issued to SPECTRUM is void *ab initio* and or rescinded on account of material misrepresentations made by SPECTRUM during the application process, and upon which CANOPIUS US relied in evaluating the proposed risk presented by SPECTRUM and in making its decision to issue the policy;

(2)     As a result of the Policy being void *ab initio*, CANOPIUS US has no further obligations to provide any coverage to SPECTRUM for the Underlying Johnson Lawsuit or for any other claim or suit;

(3)     The 2010-2011 Policy (policy # 4747X/ARL001) issued to SPECTRUM is void *ab initio* and/or rescinded on account of material misrepresentations made by SPECTRUM during the application process, and upon which CANOPIUS US relied in evaluating the proposed risk presented by SPECTRUM and in making its decision to issue the policy;

(4)     As a result of the Policy being void *ab initio*, CANOPIUS US has no obligations to pay any judgment that BRIDGETTE CARMICHAEL JOHNSON may obtain against SPECTRUM or any other insured and

(5)     CANOPIUS US has no further defense coverage obligation and no obligation to provide indemnity coverage to SPECTRUM for the Underlying Johnson Lawsuit, pursuant to the Classification Limitation.

(6)     CANOPIUS US has no further defense coverage obligation and no obligation to provide indemnity coverage to SPECTRUM for the Underlying Johnson Lawsuit, dues to its breach of the Policy's Notice Conditions.

(7)     CANOPIUS US is entitled to money damages for restitution, unjust enrichment or any other equitable theory for the monies it has expended thus far in any defense of SPECTRUM for the Underlying Johnson Lawsuit.

(8)     Such other and further relief as the Court deems just and equitable.

Dated: January 27, 2014

Respectfully Submitted,

/s//Eugene W. Policastri_____
Eugene W. Policastri (DC BAR # 470203)
MIRSKY POLICASTRI LLC
600 Jefferson Plaza, Suite 440
Rockville, MD 20852
(301) 664-7710 (tel.)
(301) 861-0835 (fax)
ewpolicastri@mplawbiz.com
*Attorneys for Plaintiff Canopius US Insurance, Inc.*